UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| ERNEST A. SOUTHALL,<br>    PLAINTIFF, | )<br>)<br>) |
| V. | ) CIVIL NO. 3:15-1266<br>) JUDGE TRAUGER/BROWN<br>) JURY DEMAND<br>) |
| U.S.F. HOLLAND, INC.<br>OCCUPATIONAL HEALTH CENTERS<br>OF THE SOUTHWEST, P.A. CO.,<br>    DEFENDANTS. | )<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT

Comes Now, the Plaintiff, Mr. Ernest A. Southall ("Mr. Southall"), by the undersigned counsel and files the Second Amended Complaint based upon the allegations below.

## INTRODUCTION

1. This is an action to remedy Mr. Southall's right against disability discrimination under (1) the American Disabilities Act of 1990, as amended, Title 42 United States Code Section 12101 et seq.; (2) the Tennessee Human Rights Act, Tennessee Code Annotated Section 4-21-101 et seq.; (3) the Tennessee Disability Act, Tennessee Code Annotated Section 8-50-103 et seq.; (4) the Tennessee Public Protection Act, Tennessee Code Annotated Section 50-1-304; (5) the Patient's Privacy Protection Act, the Tennessee Code Annotated Section 68-11-1501 et seq.; (6) unreasonable intrusion upon the seclusion of another; (7) negligence, (8) the common law intentional infliction of emotional distress; and (9) the common law negligent infliction of emotional distress.

## JURISDICTION & VENUE

2. This Honorable Court holds jurisdiction pursuant to (1) Title 28 United States Code Section 1331, (2) Title 28 United States Code Section 1337, (3) Title 28 United States Code Section 1343, (4) Title 42 United States Code Section 12117, and (5) Title 42 United States Code Section 2000e-5.

3. This Honorable Court further holds supplemental jurisdiction over related states and local causes of actions pursuant to Title 28 United States Code Section 1367 and the Federal Rule of Civil Procedure 18.

4. Venue is proper pursuant to Title 28 United States Code Section 1391.

5. The causes of action occurred within Davidson County, Tennessee.

PARTIES

6. Mr. Southall resides in Davidson County, Tennessee.

7. The Defendant, USF Holland, Inc. ("Holland"), is a Michigan corporation doing business in Tennessee.

8. Holland's principal office is located at MS A515, 10990 Roe Avenue, Overland Park, Kansas 66211-1213.

9. Holland's registered agent is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

10. The Defendant, Occupational Health Centers of the Southwest, P.A. Co. ("Concentra") is a Texas corporation that does business in Tennessee.

11. Concentra's principal office is located at STE 1200 West, 5080 Spectrum Drive, Addison, Texas 75001-4624.

12. Concentra's registered agent is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

13. Mr. Southall is an employee of Holland within the meaning of (1) the American Disabilities Act of 1990, as amended, Title 42 United States Code Section 12111(4); and (2) the Tennessee Public Protection Act, Tennessee Code Annotated Section 50-1-304(a)(1)(B).

14. Holland is an employer within the meaning of (1) the American Disabilities Act of 1990, as amended, Title 42 United States Code Section 12111(5); (2) the Tennessee Human Rights Act, Tennessee Code Annotated Section 4-21-102(5); (3) the Tennessee Disability Act, Tennessee Code Annotated Section 8-50-103(d); and (4) the Tennessee Public Protection Act, Tennessee Code Annotated Section 50-1-304(a)(2)(B).

15. Concentra was an agent of Holland within the meaning of (1) the American Disabilities Action of 1990, as amended, Title 42 United States Code Section 12111(5); (2) the Tennessee Human Rights Act, Tennessee Code Annotated Section 4-21-

102(5); and (3) the Tennessee Disability Act, Tennessee Code Annotated Section 8-50-103(d).

16. Concentra is a healthcare facility within the meaning of the Tennessee Code Annotated Section 68-11-201(15).

17. Mr. Southall has been diagnosed with a disability within the meaning of (1) the American Disability Act of 1990, as amended, Title 42 United States Code Section 12102 and (2) the Tennessee Human Rights Act, Tennessee Code Annotated Section 4-21-101(3)(A)(i)-(iii).

PROCEDURAL REQUIREMENTS

18. Mr. Southall satisfied all procedural requirements with respect to the United States Equal Employment Opportunity Commission. Exhibits A and B.

FACTS

19. On or about November 8, 1999, Mr. Southall began working for Holland.

20. From 2010 to 2011, Mr. Southall was permitted to perform alternate work when he injured his arm.

21. In August of 2013, Mr. Southall was diagnosed with having sleep apnea and was required to wear a continuous positive airway pressure device.

22. In 2013, 2014, and 2015, Mr. Southall was disqualified at times to drive by Concentra due to pressure from Holland.

23. In 2013, 2014, and 2015, Concentra began treating Mr. Southall differently from other similarly situated patients due to pressure from Holland.

24. In 2013, 2014, 2015, and 2016 Holland made no reasonable accommodations for Mr. Southall to perform alternate work during the disqualification periods.

25. In 2013, 2014, 2015, and 2016 Holland did not permit Mr. Southall to work during the times that he was ready, willing, and able.

26. In September of 2014, Concentra told Mr. Southall that Holland has alternate work for Mr. Southall to perform that does not involve driving.

27. In July of 2015, Mr. Southall was terminated by Holland.

28. In October of 2015, Mr. Southall learned that Holland had been receiving unauthorized healthcare information from Concentra.

29. In October of 2015, Mr. Southall learned that a Holland manager and two other employees would laugh at him as he slept.

30. In October of 2015, Mr. Southall reported for his job assignment, but Mr. Southall was not permitted to work.

31. In November of 2015, Holland sent a letter stating that Mr. Southall had abandoned his job and was being removed from the seniority list.

32. Mr. Southall's home was lost and most of the belongings therein during the time that he was being taken off work due to sleep apnea.

33. Since Mr. Southall has pursued legal action, Holland has threatened to terminate Mr. Southall for clocking in late.

34. Since Mr. Southall has pursued legal action, Holland has written up Mr. Southall for untruths.

35. Since Mr. Southall has pursued legal action, Holland has permitted Mr. Southall's seniority to be violated.

36. Since Mr. Southall has pursued legal action, he has been told that he cannot park his vehicle in a certain location.

37. Holland has overlooked Mr. Southall for recognitions.

AMERICAN DISABILITIES ACT OF 1990, AS AMENDED, & RETALIATION PURSUANT TO 42 UNITED STATES CODE SECTION 12203

38. Mr. Southall re-alleges and reincorporates by references all allegations set forth in the preceding paragraphs as if set forth herein.

39. Holland and Concentra through its agents, representatives, and employees intentionally, willfully, and knowingly discriminated and retaliated against Mr. Southall in violation of the American Disabilities Act of 1990, as amended, Title 42 United States Code Section 12101 et seq. (the "American Disabilities Act").

40. Holland through its agents, representatives, and employees intentionally, willfully, and knowingly discriminated and retaliated against Mr. Southall in violation of the American Disabilities Act by being unwilling to make reasonable accommodations for Mr. Southall.

41. Mr. Southall seeks injunctive relief to remedy Holland and Concentra's wrongdoings on the basis that no other adequate remedy at law is available to redress the discriminatory practices.

42. Holland and Concentra's acts and or omissions constitute a violation of the American Disabilities Act.

43. Holland's conduct as described above constitutes retaliation against Mr. Southall because Mr. Southall engaged in activities protected by the American Disabilities Act. The stated reasons for the Holland's conduct were not the true reasons, but instead were a pretext to hide Holland's retaliatory animus.

44. Holland and Concentra's American Disabilities Act violations caused Mr. Southall to suffer substantial harm and damages, including loss of income and benefits, humiliation, mental anguish, embarrassment, and emotional distress harm.

TENNESSEE HUMAN RIGHTS ACT

45. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding paragraphs as if asset forth herein.

46. Holland and Concentra's actions constitute unlawful discriminatory practices as contemplated in the Tennessee Code Annotated Section 4-21-101 et seq., the Tennessee Human Rights Act (the "Tennessee Human Rights Act").

47. Mr. Southall, Holland, and Concentra fall within the definition of a "person" as defined by the Tennessee Human Rights Act.

48. Holland and Concentra discriminated against Mr. Southall in violation of the Tennessee Human Rights Act due to the sleep apnea diagnoses as he was denied employment privileges afforded to other persons.

49. Holland and Concentra's discriminatory classification of Mr. Southall's sleep apnea adversely affected Mr. Southall's status as an employee under the Tennessee Human Rights Act.

50. Holland engaged in a knowing and intentional pattern of discrimination by directing Concentra, its employees, its agents, and its representatives to keep Mr. Southall from working because of the sleep apnea condition.

51. Concentra engaged in knowing and intentional pattern of discrimination by following the directives of Holland.

52. Holland engaged in a knowing and intentional pattern of discrimination by not making reasonable accommodations for Mr. Southall, even though Holland had made reasonable accommodations for other employees.

## TENNESSEE DISABILITY ACT

53. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding paragraphs as if set forth herein.

54. Holland and Concentra discriminated against Mr. Southall as contemplates by the Tennessee Disability Act, Tennessee Code Annotated Section 8-50-103 et seq. (the "Tennessee Disability Act").

55. Mr. Southall had the ability to perform the essential functions of the job with sleep apnea.

56. Concentra subjected Mr. Southall to discrimination by following Holland's directives.

57. Holland subjected Mr. Southall to adverse employment actions as contemplated by the Tennessee Disability Act due to Mr. Southall's sleep apnea diagnoses by: (1) directing Concentra, a medical provider, to remove Mr. Southall from work; (2) not permitting Mr. Southall to work with a current Medical Examiner's Certificate; (3) subjecting Mr. Southall to taunting as he slept; (4) failing to make reasonable accommodations for Mr. Southall to perform other non-driving jobs; and (5) retaliating against Mr. Southall for pursuing his U.S. Equal Employment Opportunity Commission claim.

## TENNESSEE PUBLIC PROTECTION ACT

Page 6 of 13

Case 3:15-cv-01266   Document 48   Filed 02/15/17   Page 6 of 13 PageID #: 233

58. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding paragraphs as if set forth herein.

59. Holland is involved in illegal activities that violates the laws that are intended to protect the public health, safety and welfare pursuant to the Tennessee Public Protection Act, Tennessee Code Annotated Section 50-1-304.

60. Mr. Southall was discharged solely for refusing to remain silent about Holland's illegal treatment of him due to being diagnosed with sleep apnea.

61. Mr. Southall would further state that Holland's reason for discharging his, dishonesty, is a pretext for unlawful retaliation.

62. Mr. Southall would further state that Holland's later reason for discharging him, job abandonment, is also a pretext for unlawful retaliation.

63. Mr. Southall would further state that Holland's continued treatment of Mr. Southall is also a pretext for unlawful retaliation.

## PATIENT'S PRIVACY PROTECTION ACT

64. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding paragraphs as if set forth herein.

65. Mr. Southall was a patient of Concentra within the meaning of the Patient's Privacy Protection Act.

66. Mr. Southall, a former patient, has the expectation of and right to privacy for the care that he received from Concentra.

67. Concentra disclosed medical information to Holland in violation of the Patient's Privacy Protection Act.

## UNREASONABLE INTRUSION UPON THE SECLUSION OF ANOTHER

68. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding paragraphs as if set forth herein.

69. Concentra has some of Mr. Southall's medical files in its possession.

70. Mr. Southall reasonably expected Concentra to protected his health care information from unauthorized disclosures.

71. Concentra disclosed Mr. Southall's health care information to Holland in a manner that does not accord with the law.

72. Concentra's intrusion into Mr. Southall's medical file would be highly offensive to a reasonable person.

### Negligence

73. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding paragraphs as if set forth herein.

74. Concentra had a duty to protect Mr. Southall's health care information from unauthorized disclosure.

75. Concentra breached that duty when it began disclosing information beyond that, which was minimally necessary to Holland.

76. Concentra's breach caused Mr. Southall to miss time from work.

77. Concentra's breach was a proximate cause of Mr. Southall experiencing loss wages, mental anguish, humiliation, pain, and embarrassment.

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

78. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding paragraphs as if set forth herein.

79. Holland and Concentra's conduct as described above resulted in negligent infliction of emotional distress.

80. Holland had a duty to protect Mr. Southall from workplace discrimination.

81. Concentra had a duty to protect Mr. Southall's health care information and not adhere to Holland's directives.

82. Holland breached that duty by acting as Mr. Southall's medical provider.

83. Holland further breached that duty by directing Concentra to remove Mr. Southall from work due to his sleep apnea.

84. Holland further breached that duty by permitting an abusive workplace environment whereby employees jeered at Mr. Southall because of his sleep apnea condition.

85. Holland further breached that duty by not making reasonable accommodations for Mr. Southall to perform non-driving work.

86. Holland further breached that duty by permitting retaliation against Mr. Southall.

87. Concentra breached that duty by following illegal directives and engaging in unauthorized disclosures of Mr. Southall's health care record.

88. Holland and Concentra's breach caused Mr. Southall to experience abuse in the workplace, loss wages, mental anguish, pain and suffering, embarrassment, and humiliation.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89. Mr. Southall re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs as if set forth herein.

90. Holland and Concentra's conduct as described above resulted in the intentional infliction of emotional distress against Mr. Southall.

91. Holland had a duty to protect Mr. Southall from discriminatory and retaliatory behavior.

92. Concentra had a duty to protect Mr. Southall's health care information from unauthorized disclosure.

93. Holland breached that duty when it engaged in discriminatory and retaliatory conduct against Mr. Southall.

94. Concentra breached that duty when it followed Holland's directives and failed to protect Mr. Southall's health care information from Holland.

95. Holland and Concentra's discriminatory and retaliatory conduct resulted in loss wages, embarrassment, and humiliation.

96. Holland and Concentra's actions were intentional.

97. Holland and Concentra's actions were so outrageous as not be tolerated in a civilized society.

98. Holland and Concentra's conduct has resulted in serious mental injury and suffering to Mr. Southall.

PRAYER FOR RELIEF

Wherefore, the Plaintiff, Mr. Southall, prays that a judgment be rendered herein in his favor and against the Defendants, Holland and Concentra, as listed below.

1. Mr. Southall is requesting that process be issued and served upon Holland and Concentra.

2. Mr. Southall is further requesting that this Honorable Court empanel a jury to hear this cause.

3. Mr. Southall is further requesting that this Honorable Court order Holland and Concentra to make him whole by compensating him for pecuniary losses, including, but not limited to appropriate lost earnings and insurance premiums, back pay, front pay, pre-judgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices.

4. Mr. Southall is further requesting that this Honorable Court make him whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial.

5. Mr. Southall is further requesting punitive damages in amounts to be proven at trial.

6. Mr. Southall is further requesting appropriate injunctive and declaratory relief, including a permanent injunction enjoining Holland and Concentra, its employees, its agents, its officers, its successors, its assigns, and all persons in active concert or participation with it from engaging in disability discrimination and retaliation.

7. Mr. Southall is further requesting that the injunction be extended to cover any other employment practice by Holland which discriminates due to disability.

Page 10 of 13

Case 3:15-cv-01266   Document 48   Filed 02/15/17   Page 10 of 13 PageID #: 237

8. Mr. Southall is further requesting that Holland and Concentra, its employees, its agents, its officers, its successors, its assigns, and all persons in active concert or participation with it be ordered to institute and carry out policies, practices, and programs, which provide equal employment opportunities to victims of disability discrimination.

9. Mr. Southall requests injunction relief and civil penalties against Concentra pursuant to the Tennessee Privacy Protection Act.

10. Mr. Southall is further requesting court costs, including any discretionary costs.

11. Mr. Southall is further requesting an award of reasonable attorney's fees.

12. Mr. Southall is further requesting such other relief that he may be entitled to receive.

13. Mr. Southall is further requesting such other relief as this Honorable Court may deem appropriate.

Date: January 26, 2017    Respectfully submitted,

s/ Gina Crawley
Gina Crawley
Tenn. Sup Ct. No. 026256
Law Office of GRC
Post Office Box 40265
Nashville, Tennessee 37204
615-829-1392 (telephone no.)
grclawoffice@gmail.com (email)

CERTIFICATE OF SERVICE

The undersign hereby certifies that the foregoing has been served by electronic delivery on this the 26th day of January, 2017.

| | |
|---|---|
| Mr. Robert M. Burns | Mr. John Alan Doran |
| Mr. Patrick James Gray | Ms. Lori Wright Keffer |
| Ms. Brook McLeod | Sherman & Howard, L.L.C. |
| Howell & Fisher, PLLC | 7033 East Greenway Parkway |
| Court Square Building | Suite 250 |
| 300 James Robertson Pkwy | Scottsdale, Arizona 85254 |
| Nashville, TN 37201 | 480-624-2710 (telephone no.) |

615-921-5211 (telephone no.)
rburns@howell-fisher.com
pgray@howell-fisher.com
bmcleod@howell-fisher.com
Attorneys for Occupational
Health Centers of the
Southwest, P.A. Co.

jdoran@shermanhoward.com
lkeffer@sheramhoward.com
Attorneys for USF Holland,
Inc.

Mr. Steven E. Anderson
Anderson & Reynolds, PLC
120 30th Avenue North
Nashville, Tennessee 37203
615-942-1703 (telephone no.)
sanderson@andersonreynolds.com
Attorney for USF Holland, Inc.

s/ Gina Crawley

VERIFICATION

State of Tennessee )
)
County of Davidson )

I, Ernest Southall, after being first and duly sworn, states that I have read the foregoing document and the _____ made herein are true and correct to the best of my knowledge, information, and belief.

*Ernest a. Southall*
Ernest Southall

Sworn to and subscribed before me this 13th day of January, 2017.

*Virginia Crawley*
Notary Public

My Commission Expires: 3/3/2020

Page 13 of 13