IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERNEST A. SOUTHALL, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:15-CV-01266 |
| | ) JUDGE RICHARDSON |
| USF HOLLAND, INC., and OCCUPATIONAL HEALTH CENTERS OF THE SOUTHWEST, P.A., | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Pending before the Court are Plaintiff's Motion to Alter Judgment (Doc. No. 183) and Motion to File a Hard Copy of the Audio Recording (Doc. No. 184). Defendants have filed Responses as requested by the Court (Doc. Nos. 197, 199, 200, 202), and Plaintiff filed a Reply (Doc. No. 208). As explained herein, Plaintiff's two Motions will be **DENIED**.

# BACKGROUND

This action has been pending for more than three years. On December 5, 2018, the Court granted Defendants' Motions for Summary Judgment and dismissed this case with prejudice. Doc. Nos. 180-181. Plaintiff now asks the Court to reconsider its decision pursuant to Fed. R. Civ. P. 59 and 60 because "Mr. Southall believes that the Court mischaracterized much of his evidence and did not cite much authority." Doc. No. 183-1. Plaintiff has also filed a Notice of Appeal (Doc. No. 185). To the extent this Notice of Appeal, although filed at the same time as the Motion to Alter Judgment, divested the Court of jurisdiction, this Opinion shall be considered an "indicative ruling" under Fed. R. Civ. P. 62.1.

## AUDIO RECORDING

Plaintiff asks the Court to allow him to file a hard copy of an audio recording that was not previously filed in this case and was, therefore, not a part of the record at the time the Court considered Defendants' Motions for Summary Judgment and dismissed the action. Plaintiff's Motion is not accompanied by the required Memorandum and cites no authority for allowing an addition to the record at this late date. The Court will not reopen the record to admit this evidence after judgment has been entered and Plaintiff's Notice of Appeal has been filed. The record on appeal must include the original papers and exhibits filed in the district court. Fed. R. App. P. 10(a). In other words, the record must disclose what occurred in the district court. The audio recording was not filed in this Court.

Plaintiff correctly states that a party must obtain permission from the Court to file a non-electronic exhibit, but that permission should have been sought long ago. The Court did not consider the audio recording because Plaintiff did not file it. The Court cannot consider the audio recording on Plaintiff's Motion to Alter or Amend because it could have been, but was not, filed prior to the Court's ruling. There is no allegation that this audio recording did not exist before the Court's ruling, was newly discovered after the Court's ruling, or was omitted because Plaintiff was somehow prevented from filing it. Neither does Plaintiff explain how the hard copy of this recording would change anything about the Court's prior ruling.

Accordingly, Plaintiff's Motion to File Hard Copy of Audio Recording (Doc. No. 184) is **DENIED**.

# MOTION TO ALTER OR AMEND

Standard of Review

Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e),[1] are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Id*. Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear error of law; (2) newly-discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id*. A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Id*.

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, Case No. 2:12-cv-02668-STA-dkv, 2016 WL 5396701, at * 3 (W.D. Tenn. Sept. 27, 2016). Essentially, a showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *Id*. The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Heithcock v. Tenn. Dept. of Children's Servs.*, Civil No. 3:14-CV-2377, 2015 WL 5970894, at * 1 (M.D. Tenn. Oct. 14, 2015).

---

[1] Plaintiff does not cite to a specific section of Fed. R. Civ. P. 59, but because there was no trial in this case, subsection (e) is the only applicable subsection.

Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. American Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 20842777, at * 2 (W.D. Tenn. July 17, 2007). The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *Harris*, 2016 WL 5396701, at * 3. [2]

Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from an Order for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Settle v. Bell*, No. 06-1092-JDT-egb, 2017 EL 1058365, at * 1 (W.D. Tenn. March 20, 2017). Relief from a judgment after its entry is an extraordinary remedy that should be used sparingly. *Duerson v. Henderson County Detention Center*, No. Civ. A.4:05CV-P165-M, 2005 WL 3536333, at * 1 (W.D. Ky. Dec. 21, 2005).

Discussion

Plaintiff's Motion and Memorandum (Doc. Nos. 183 and 183-1) simply rehash arguments previously made, on numerous occasions, in numerous ways. Plaintiff has pointed to no newly-discovered evidence or intervening change in controlling law. Plaintiff has not shown that the

---

[2] Although Plaintiff states that he would "further" request that the Court reconsider its decision, the Federal Rules of Civil Procedure do not provide for motions for reconsideration. *Pettrey v. Enterprise Title Agency*, 242 F.R.D. 384, 385 (N.D. Ohio 2007). Instead, such motions are considered motions to alter or amend judgments pursuant to Rule 59(e). *Id*.

4

Court's prior ruling was a clear error of law or manifest injustice. Plaintiff raises conclusory arguments with no showing of how they apply to the facts of this case or specific portions of the Court's prior ruling (*e.g.,* "The Court did not cite from any authority or the record, but rather offered speculation.") Doc. No. 183-1 at 6); alleges facts without showing how they are relevant to any specific argument (*e.g.,* "The evidence showed that Mr. Southall had a DOT card." Doc. No. 183-1 at 6); and raises matters that were decided by the Magistrate Judge prior to the Court's consideration of the Motions for Summary Judgment (*e.g.,* "The Court has not addressed some of the challenges raised in the Motion to Strike." Doc. No. 183-1 at 7).

Plaintiff's arguments are scattered and unpersuasive. Plaintiff has *not* shown that the Court mischaracterized any of his evidence or failed to cite "much authority," whatever that means. A request for such an extraordinary remedy as relief under Rules 59 and 60 requires not only compelling arguments, but clarity. Plaintiff's lack of clarity[3] simply confirms that his request for relief should be denied. To the extent Defendant USF has analyzed Plaintiff's "granular challenges" to the Court's ruling, its points are well-taken and further support the decision of the Court herein.

In addition, Plaintiff has failed to show that any reason exists under Fed. R. Civ. P. 60[4] for the Court to relief Plaintiff from its Order. There is no evidence of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence that could not have been discovered earlier; or fraud, misrepresentation or misconduct by an opposing party. Plaintiff has not even *alleged* that

---

[3] To provide just one example of such lack of clarity, Plaintiff includes an obviously incomplete section-heading reading, "Holland and Concentra Regarded the Disability," followed by two narrative sentences only: "The Court did not cite from any authority or the record, but rather offered speculation . . . The evidence showed that Mr. Southall had a DOT card." It is simply impossible to discern Plaintiff's point in this section.

[4] Again, Plaintiff has failed to point to a particular part of the Rule upon which he relies.

5

the judgment is void, satisfied, released or discharged. Finally, Plaintiff has not demonstrated that there is any justifiable reason to relieve him from the Court's judgment.

For all these reasons, the Plaintiff's Motion to Alter or Amend will be denied. An appropriate Order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE