IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERNEST A. SOUTHALL,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )       NO. 3:15-cv-01266
                                   )       JUDGE RICHARDSON
USF HOLLAND, INC., and             )
OCCUPATIONAL HEALTH                )
CENTERS OF THE SOUTHWEST, P.A.,    )
                                   )
        Defendants.                )


## ORDER AND MEMORANDUM OPINION

Pending before the Court are a Renewed Motion for Award of Attorney Fees and
Nontaxable Expenses and Supplement of Subsequent Fees filed by Defendant USF Holland, Inc.
("Holland") (Doc. No. 231, "Holland's Motion"); a Second Motion for Attorneys' Fees of
Defendant Occupational Health Centers of the Southwest, P.A. Co. ("Concentra") (Doc. No. 233,
"Concentra's Motion"); Concentra's Renewed Motion for Attorney Fees (Doc. No. 235,
"Concentra's Renewed Motion"); Defendant Holland's Request for Review of the Final Taxation
of Costs (Doc. No. 251, "Holland's Request for Review"); and Plaintiff's Motion Seeking Court
Review (Doc. No. 253). The parties have filed corresponding responses and replies to each motion
as appropriate.

## BACKGROUND

This action arises from Plaintiff's employment as a truck driver for Holland. The case was
filed five years ago and has been litigated both in this Court and in the United States Court of
Appeals for the Sixth Circuit. Plaintiff brought claims against Holland, which operates big-rig

trucks, and Concentra, a healthcare services company that services, among others, trucking companies like Holland that require United States Department of Transportation ("DOT") certifications and re-certifications for their drivers. Plaintiff brought claims for discrimination and retaliation pursuant to the Americans with Disabilities Act ("ADA"), Tennessee Disability Act ("TDA"), Tennessee Public Protection Act ("TPPA"), and Patient's Privacy Protection Act ("PPPA"),[1] plus four additional state-law claims.[2] The facts are more fully described in the Memorandum Opinion of the Court found at *Southall v. USF Holland, Inc.*, No. 3:15-cv-1266, 2018 WL 6413651 (M.D. Tenn. Dec. 5, 2018).

Plaintiff was diagnosed with sleep apnea in 2013 and required by his treating physician to wear a continuous positive airway pressure device ("CPAP"). At times during the years 2013-2016, Concentra did not approve Plaintiff's DOT certification to drive, because of his sleep apnea. Plaintiff claimed that Holland exerted pressure on Concentra not to re-certify him to drive and also refused to make reasonable accommodations for his disability. In July 2015, Plaintiff failed to disclose his sleep apnea diagnosis during a DOT medical certification exam, and Holland fired him for dishonesty. *Southall,* 2018 WL 6413651 at *7, n.15; (Doc. No. 72-1 at 86 and 136). Plaintiff exercised his grievance rights under the applicable collective bargaining agreement, and he was reinstated with a lesser form of punishment.

On December 5, 2018, this Court granted summary judgment for Defendants on all of Plaintiff's claims. After judgment had been entered against him, Plaintiff filed a Motion to Alter

---

[1] The TPPA claim was brought against Defendant Holland only, and the PPPA claim was brought against Defendant Concentra only.

[2] Those claims were for unreasonable intrusion on the seclusion of another and negligence (against Concentra), and negligent and intentional infliction of emotional distress (against both Defendants). Plaintiff's THRA claim was dismissed because the THRA does not prohibit disability discrimination; that claim is covered by the TDA.

the Judgment (Doc. No. 183), a Motion to File a Hard Copy of an Audio Recording (Doc. No. 184), and three Notices of Appeal (Doc. No. 185, 212, and 217). Defendants filed motions for attorneys' fees and bills of costs. (Doc. Nos. 186, 188, 191, 194, 198). The Court denied Plaintiff's motion to alter the judgment and motion to file a hard copy of the audio recording (Doc. No. 211) and denied the motions for attorneys' fees without prejudice to being refiled once the appeal was completed. (Doc. No. 214). On December 5, 2019, the Sixth Circuit entered an order affirming the judgment of this Court (Doc. No. 224), and the mandate was issued on December 27, 2019. (Doc. No. 226). The appellate court's opinion can be found at *Southall v. USF Holland, Inc.* 794 F. App'x. 479 (6th Cir. 2019).

Now Defendants have renewed and refiled their motions for attorneys' fees to include fees and non-taxable expenses incurred during the appeal. In addition, Holland and Plaintiff have each asked the Court to review the Clerk's Final Taxation of Costs.

## ATTORNEYS' FEES

1. <u>ADA</u>

Under the ADA, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee, including litigation expenses, and costs. 42 U.S.C. § 12205. In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court explained that a court may award a prevailing defendant attorney's fees only if the court finds that a plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422,[3] *cited in Equal Employment Opportunity Comm'n., v. HP Pelzer Automotive Systs.,*

---

[3] *Christiansburg* was a Title VII case, but the similarity of this language to that in other civil rights fee-shifting statutes has led courts generally to employ the same standards (in other civil rights cases) to determine the propriety of awarding attorney fees. *See, e.g., Smith v Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985).

*Inc.*, No. 20-5288, 2020 WL 7419595, at *4 (6th Cir. Dec. 18, 2020). Even where a district court determines a plaintiff's claims are erroneous as a factual matter, that alone does not render his claim frivolous, unreasonable, or groundless. *Id.* Awards to prevailing defendants will depend on the factual circumstances of each case. *Id.* at *5. Simply stated, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Blocker v. Mapco, Inc.*, Civil No. 3:04-0401, 2006 WL 2222701, at *1 (M.D. Tenn. Aug. 2, 2006) (quoting *Christiansburg,* 434 U.S. at 421).[4]

The party seeking attorney's fees bears the burden of demonstrating entitlement to the award. *Nesmith*, 2019 WL 1053646, at *3. Courts have awarded attorneys' fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate. *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005).

When determining whether a prevailing defendant should receive attorney's fees, factors the court considers include whether: (1) the plaintiff successfully alleged a *prima facie* case of discrimination; (2) the defendant offered to settle the case; and (3) the trial court dismissed the

---

[4] The Sixth Circuit has clarified that a plaintiff may have an entirely reasonable ground for bringing suit even when the law or facts appear questionable or unfavorable at the outset and that a court should not award fees unless the court finds that the claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so. *HP Pelzer*, 2020 WL 996453, at *3. A court's ultimate determination that a claim is not legally sufficient to be presented to a jury does not, alone, merit an award of attorney's fees to a defendant. *Nesmith v. Hospice Compassus*, No. 3:17-cv-1371, 2019 WL 1053646, at *3 (M.D. Tenn. Feb. 14, 2019); *Smith v Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) ("the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg*").

case before trial. *HP Pelzer,* 2020 WL 7419595, at *5 To determine whether a suit is frivolous, the Sixth Circuit has said it considers "whether the issue is one of first impression requiring judicial resolution, whether the controversy is sufficiently based upon a real threat of injury to the plaintiff, whether the trial court has made a finding that the suit was frivolous under the *Christiansburg* guidelines, and whether the record would support such a finding." *Garner v. Cuyahoga Cty. Juvenile Court,* 554 F.3d 624, 636 (6th Cir. 2009).

Concentra argues that it is entitled to its attorneys' fees because of the "clear litigation abuses" by Plaintiff and his counsel both pre and post-judgment and then on appeal. Holland argues that it is entitled to its attorneys' fees because Plaintiff's employment discrimination claims were frivolous, unreasonable and without foundation and Plaintiff continued, in bad faith, to litigate those claims even after it became clear that they had no basis.

The Court found that Defendants were entitled to summary judgment on all of Plaintiff's claims, so Defendants were the "prevailing parties." Plaintiff does not dispute that Defendants were the prevailing parties. The Court found that Plaintiff did not establish a *prima facie* case of employment discrimination or retaliation. Holland represented to the Court, via the sworn declaration of one of its attorneys (and Plaintiff has not disputed), that "After the Court's Memorandum Opinion and ruling in this matter (Doc. 180), [Holland] extended Plaintiff a walk-away offer, wherein [Holland] would not seek its fees or costs in this litigation in exchange for a full release of claims and Plaintiff's resignation from the company. *See* Exhibit C [declaration of John Alan Doran], ¶ 19. Plaintiff ignored the offer completely." (Doc. No. 232 at 23).[5]

---

[5] This fact shows not only that Defendant offered to settle the case, but also that although the result announced herein may seem harsh, such result was entirely avoidable.

In addition, Plaintiff's claims were dismissed prior to trial. His claims did not present questions of first impression, and the controversy was not based upon a real threat to Plaintiff, since he likely could obtain and keep his DOT certification if he adequately treated and monitored his sleep apnea.[6] Although the Court did not make a specific finding that the lawsuit was frivolous, the record would support such a finding.

Even though Plaintiff sued for disability discrimination, he testified that his sleep apnea did not affect any of his major life activities and that he never considered sleep apnea to be a sleep disorder. *Southall,* 2018 WL 6413651 at *7. A disability discrimination plaintiff must show first that he has a disability. *Id.* Plaintiff did not meet that threshold burden. Based upon Plaintiff's own testimony, the Court found that Plaintiff had not shown a substantial limitation on any major life activity. *Id.* at **7-8. The Court also found that Plaintiff had failed to show that he was "qualified" for the essential functions of driving required for his job, because federal law prohibits an employer from allowing an employee to operate a commercial motor vehicle when that employee has been disqualified from operating such a vehicle (49 C.F.R. § 31304(a)), and Plaintiff was not certified to drive such a vehicle. *Id.* at **8-9.[7] Plaintiff's own treating physician testified that, because of Plaintiff's non-compliance with use of the CPAP machine, Plaintiff could not safely drive a big rig for Holland. *Id.* at *9.

---

[6] Holland represented that, as of January 27, 2020, Plaintiff was still employed by Holland, which has permitted him to work when he possesses a valid and honestly obtained DOT certification. (Doc. No. 232 at 5, n.1).

[7] The record reflects that, most of the time, Plaintiff was not compliant with his CPAP use. Plaintiff's treating physician testified that treatment of sleep apnea with a CPAP is largely, if not completely, dependent upon the patient's compliance, and he told Plaintiff to use the CPAP every night. *Southall*, 2018 WL 6413651, at *8.

For these reasons, the Court found that Plaintiff had not raised a genuine issue as to whether he was a "qualified individual with a disability," as that term is defined in the ADA and TDA and, therefore, his claims under those two statutes were dismissed. *Id.* at *11. As noted, above, the Sixth Circuit affirmed this Court's grant of summary judgment on Plaintiff's claims.

In support of their motions for attorneys' fees, Defendants point to, among other things, the following facts: Plaintiff filed disability discrimination claims while admitting to having no disability; Plaintiff continued to pursue those disability claims even after admitting in his deposition that he had no disability and even after the Court so found; Plaintiff continued to pursue his claims after he knew that if he had no DOT certificate to drive, he could not drive for Holland; and Plaintiff continued to pursue his claims after all experts, including his own expert, testified against him. (*e.g.,* Doc. No. 112-1 at 47, 50, 53-54, 57-59, 65-66 and 77;[8] Doc. No. 115-47).

As the Sixth Circuit noted, this case involved "[e]xtensive discovery and a multitude of procedural and substantive motions . . . leading the magistrate judge to characterize the litigation as 'an unmitigated mess . . . [for w]hat should have been a straightforward case under the' ADA." *Southall,* 794 F. App'x at 482.[9] The Sixth Circuit also noted Plaintiff's perplexing argument on

---

[8] Deposition pages 46, 49, 52-53, 56-58, 64-65, and 75.

[9] Throughout this case, the Court has expressed frustration at the unnecessarily litigious nature of the parties and the unnecessary filings. For example, the Magistrate Judge stated:

> This is another in a series of unnecessary and wasteful motions by Plaintiff's Counsel. Counsel appears determined to complicate cornflakes. This motion was ruled on by the undersigned on July 3, 2018 (DE 142). Counsel has waited over 6 months to now claim that something was not ruled on, and to make it even more frivolous, she does not even state what she contends was not resolved by the Court's lengthy order disposing of the original motion. Counsel should have taken the concerns expressed in that order about unnecessary pleading and not filed this motion or if she truly thought something was not resolved raised it in a timely fashion by motion or request for review. The District Judge has ruled on the motions

appeal that the appellate court did not have jurisdiction to consider his appeal. *Id.* ("Yes, it is appellant's contention that we do not have the authority to consider his own appeal."). In addition, on appeal, Plaintiff forfeited four of his five issues as improperly presented because they were not briefed or argued at all. *Id.* at 483. As to this Court's grant of summary judgment to Defendants, the Sixth Circuit found that Plaintiff failed to advance any sort of argument for the reversal of the district court ("Nary a mention of the district court's reasoning exists in [Plaintiff's] briefing.") *Id.* at 484.

The Court finds that Plaintiff's disability claims, even if not frivolous at the time that they were filed, (which they arguably were) became frivolous and unreasonable once Plaintiff testified in his deposition[10] that he had no disability, that he was not complying with his CPAP requirements, and that he knew that he could not drive a big rig for Holland without a DOT certificate. After that time, and certainly by the time Defendants filed their summary judgment motions, Plaintiff could and should have dismissed his disability discrimination and retaliation claims. Even more unreasonable is the fact that, after the Court clearly explained the reasons for dismissing Plaintiff's claims, Plaintiff *still* pursued those baseless claims through a motion to reconsider and a year of appeals.

Plaintiff argues[11] that his income "does not permit him to pay any attorney's fees." (Doc. No. 241 at 1). He filed an Affidavit (Doc. No. 240-2) in support of his objection to the taxation of

---

for summary judgment, the case is closed and a notice of appeal has been filed. Counsel is again coming very close to sanctions under 28 U.S.C. 1927.

 (Doc. No. 196).

[10] The dates of Plaintiff's deposition were June 29 and 30, 2017.

[11] A large portion of Plaintiff's Objection to the attorneys' fees motions is a rehash of his arguments on summary judgment and earlier in this case. The Court has already decided the merits of this

costs, which is discussed below with reference to that taxation. As noted there, however, Plaintiff is employed, with income from Holland and from social security. The burden of proof is on Plaintiff to provide evidence of financial status. *Legair v. Circuit City Stores, Inc.,* 213 F. App'x 436, 440 (6th Cir. 2007). Plaintiff provided only his own statement about funds he gives to his estranged wife and "the teenager," estimates of his own expenses (with minimal documentation), and funds he donates to his church. (Doc. No. 240-2). Plaintiff also provided evidence of his income and stated that he owns three vehicles, a pension through Holland, and personal property in storage. (*Id.*). The Court finds that Plaintiff has failed to show that he is indigent or incapable of paying attorneys' fees at this time, perhaps on a payment plan, or in the future.

Plaintiff also argues that Concentra's Renewed Motion for Attorney Fees (Doc. No. 235), which was a refiling and renewal of its earlier motion (Doc. No. 191) for pre-judgment attorney fees, was untimely. That motion not only was a *refiling and renewal* of a motion filed on January 4, 2019, but it was also allowed by the Court's Order of February 6, 2019 (Doc. No. 214), which denied the earlier motion without prejudice to being re-filed once the appeal was complete. Concentra's Renewed Motion was not untimely.[12] Moreover, Plaintiff had a copy of the earlier-filed motion and its documented support since January of 2019—indeed, Plaintiff responded to that motion (Doc. No. 203)—so there was no prejudice to Plaintiff.

---

case, and that decision was upheld by the Sixth Circuit. Plaintiff's continued, wasteful rehashing of previous arguments is another example of why attorneys' fees should be awarded in this case.

[12] Plaintiff's assertion that it was improper for Concentra to adopt and join in Holland's arguments supporting its motion for attorneys' fees at Doc. No. 232 is rejected. Concentra's reference to Holland's arguments was clearly delineated (Doc. No. 235 at 2) and its attempt at judicial efficiency will not be held against it.

Plaintiff raises issues with Defendants' motions for summary judgment that have been previously raised and decided, and he argues matters related to expert witnesses that are not relevant to the pending motions. Plaintiff makes arguments related to his currently pending lawsuit (Case No. 3:19-cv-01033) that have no bearing in this case. [13] This case is concluded; the pending motions are post-judgment motions. Plaintiff has failed to dispute the primary reasons for allowing attorneys' fees—that this litigation was unreasonable and frivolous and that Plaintiff continued the litigation long after it became clear that it was unreasonable and frivolous.

The Court finds that both Defendants are entitled to attorneys' fees and non-taxable expenses, including fees and non-taxable expenses for the appeal, pursuant to the above-cited authority under the ADA, for their attorneys' efforts since the time Defendants' motions for summary judgment were filed on May 18, 2018. The Court finds that Plaintiff's failure to dismiss this litigation after it became clear (at the latest when Defendants filed their motions for summary judgment detailing the obvious and fatal flaws to Plaintiff's claims), that his claims had no merit, justifies an award of attorneys' fees to Defendants for attorneys' fees and nontaxable costs incurred after May 18, 2018.

As set forth below, the Court finds that Plaintiff's counsel should be responsible for a portion of these fees. The matter will be referred to the Magistrate Judge, as set forth herein, to determine the reasonable and appropriate amounts of such fees, in light of this Order.

---

[13] The fact that Plaintiff and his counsel simply will not accept losing in this litigation is only highlighted by the fact that after suffering this Court's entry of judgment in this case, they filed another lawsuit (this Court's case number 3:19-cv-1033) which constituted in essence an attempt at a do-over of this lawsuit. As this Court found, all claims in that case were subject to dismissal based on a combination of claim preclusion and issue preclusion. (No. 3:19-cv-1033, Doc. Nos. 105, 106).

2. <u>TPPA</u>

Under Tennessee's retaliatory discharge statute, if any employee files a cause of action for retaliatory discharge for any improper purpose, such as to harass or to cause needless increase in costs to the employer, the court, upon motion or upon its own initiative, shall impose upon the employee an appropriate sanction, which may include an order to pay the other party or parties the amount of reasonable expenses incurred, including reasonable attorney's fees. Tenn. Code Ann. § 50-1-304(e)(2). A person cannot use this statute to bring a frivolous lawsuit, and anyone who does so is subject to sanctions. *Brooks v. Invista*, No. 1:05-CV-328, 2007 WL 672473, at *5 (E.D. Tenn. Feb. 28, 2007). It is clear from this statute that if a frivolous claim is brought, a reasonable attorneys' fee can be awarded only if suit was brought for an improper purpose. *Id.*

The TPPA protects only employees who advance truly *public* policy and not simply their own interests. *Southall*, 2018 WL 6413651, at *11. Here, Plaintiff did not assert or identify what important public policy interest was advanced by his alleged refusal to remain silent. The Court found that Plaintiff's TPPA, having no basis, should be dismissed. *Id.* at *12.

Defendants assert that Plaintiff filed this TPPA claim for an improper purpose because there was no evidence of an important public policy interest, but filing a claim that has no chance of success does not equate to filing a claim for an improper purpose. The former, by itself, indicates only *objective* unreasonableness and not impropriety of purpose, which is a *subjective* concept. Defendants have not alleged an improper purpose other than to needlessly increase costs to Defendants, and the Court will not infer such a purpose on the record before it. Defendants' motions for fees and costs under the TPPA will be denied.

3. <u>28 U.S.C. § 1927</u>

Any attorney or other person admitted to conduct cases in any court of the United States who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C.A. § 1927. An attorney's conduct may be "sanctionable under § 1927 without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Lee v. Horton*, No. 2:17-CV-2766-JPM-tmp, 2018 WL 6323081, at *5 (W.D. Tenn. Dec. 4, 2018) (quoting *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (internal citation and quotation marks omitted)).  Section 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence. *Id.* The decision to impose sanctions under 28 U.S.C. § 1927 is within the Court's discretion. *Id.*

The purpose of § 1927 is to deter dilatory litigation practices and punish aggressive tactics that far exceed zealous advocacy. *Kilgore v. Hunter*, No. 1:16-cv-340, 2018 WL 6613820, at *4 (E.D. Tenn. Nov. 27, 2018). Viewed as an objective standard,[14] there must be some conduct on the part of the attorney that "falls short of the obligations owed by a member of the bar to the court and which . . . causes additional expense to the opposing party." *Id.* Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under Section 1927. *ProCraft*

---

[14] Section 1927 imposes an objective standard of conduct on attorneys, and courts need not make a finding of subjective bad faith before assessing monetary sanctions under § 1927. *Seay v. Rowland*, No. 1:16-cv-00068, 2018 WL 6174692, at *10 (M.D. Tenn. Aug. 30, 2018).

*Cabinetry, Inc. v. Sweet Home Kitchen & Bath, Inc.*, No. 3:17-cv-01392, 2018 WL 928199, at *1 (M.D. Tenn. Feb. 16, 2018).

Defendants ask that Plaintiff's counsel be jointly and severally liable with Plaintiff to Defendants for their pre-judgment attorneys' fees in this Court. Defendants claim that Plaintiff's counsel unreasonably and intentionally delayed and expanded the proceedings in this action while driving up litigation expenses. (Doc. No. 232 at 9). In addition to the above-cited ways in which Plaintiff (while represented by counsel) prolonged this litigation in unreasonable ways by continuing to pursue meritless claims, the following are a few of the examples Defendants cite of counsel's alleged dilatory practices and unnecessary filings and delays. Plaintiff's counsel amended the complaint twice (Doc. Nos. 23 and 48) and requested and filed "second and third bites at the apple" with amended pleadings such as amended responses to the motions for summary judgment (Doc. Nos. 153, 162). Plaintiff's counsel amended Plaintiff's responses to the statements of undisputed facts (Doc. Nos. 157, 161), then filed a motion to file a "sur-response," including 93 pages of additional documents (Doc. No. 171), which was denied (Doc. No. 175), and then filed a motion to alter or amend the order denying leave to file that sur-response (Doc. No. 177), which also was denied. (Doc. No. 181). [15]

Defendants also point to counsel's submission of a motion to strike the evidence Defendants submitted in support of summary judgment (Doc. No. 131) and then her refiling of the same motion to strike (Doc. No. 150) after the first one was denied (Doc. No. 142). The second

---

[15] Concentra also points out that instead of addressing the Defendants' combined 63 pages of summary judgment briefing and argument, Plaintiff filed a four-page response (Doc. No. 130-1), which did not address a single argument that Concentra advanced, and then filed a "whirlwind" of ancillary and petty motions to strike (Doc. Nos. 131, 150) and motions for reconsideration of adverse rulings on the same (Doc. Nos. 155-56), which the Court later denied.

motion to strike was denied as well (Doc. No. 152), and counsel filed a motion for review of that denial (Doc. No. 156), which was also denied. (Doc. No. 159).[16] Defendants argue that Plaintiff's counsel misled the Court on several occasions (Doc. No. 232 at 11-12 and citations therein) and failed to obey a Court order (Doc. No. 93) by failing to produce communications with the EEOC that the Magistrate Judge found to be non-privileged. (Doc. No. 232 at 12-13 and citations therein). Holland argues that Plaintiff's counsel also proceeded with a negligent infliction of emotional distress claim against Holland when she knew or should have known that such a claim was preempted by Tennessee's Workers' Compensation Act (Tenn. Code Ann. § 50-6-108). (Doc. No. 232 at 13, 17-18, and citations therein). Defendants also assert that Plaintiff's counsel multiplied the proceedings by submitting errata sheets with major substantive changes to Plaintiff's deposition testimony. (*See* Doc. Nos. 78 and 84.) Plaintiff's requested changes were, for the most part, denied. (Doc. No. 85). Once the Court ruled on the errata sheets, Plaintiff filed a Motion to Reconsider (Doc. No. 86), which was also denied. (Doc. No. 88).

Defendants argue that Plaintiff's counsel proceeded with claims after Plaintiff's deposition removed the bases for those claims and "doggedly" pursued this case even after a treating expert physician testified that Plaintiff was not qualified to drive a DOT rig (Doc. No. 112-1 at 70-76); even after a treating expert physician testified that Plaintiff posed an undue risk of harm to himself and others (*Id.* at 76); and even after an independent psychiatric expert testified that Plaintiff did not suffer from emotional distress. (Doc. No. 115-68 at 9).[17] The Court agrees with these

---

[16] Additional examples can be found at Docket Number 234 at 1.

[17] Holland also points to the fact that Plaintiff's counsel, without prior warning, revoked Plaintiff's medical records authorizations after Holland had served subpoenas with those authorizations. (Doc. No. 88-1 at 6). Holland claims this issue had to be discussed with the Magistrate Judge three times (*Id.*; s*ee also* Doc. No. 94 at 45-51). In addition, Holland claims that Plaintiff's counsel improperly interfered with Holland's subpoenas to third parties, which again multiplied and

characterizations (and those set forth in footnote 17) of what happened and agrees that this conduct is vexatious. Defendants contend that Plaintiff's counsel should have dismissed the case, at the very latest, at the close of expert discovery and saved Defendants the extraordinary expenses they incurred from that point forward. (Doc. No. 232). Defendants also contend that Plaintiff's counsel multiplied these proceedings in numerous other ways. (*See* Doc. No. 232 at 9-17; Doc. No. 234 at 1-3).

In its discretion, the Court, finds that based on her conduct in this litigation, Plaintiff's counsel should be jointly and severally liable for Defendants' attorneys' fees for the time between May 18, 2018, when Defendants filed their motions for summary judgment, and December 5, 2018, when the Court entered judgment for Defendants. Defendants' motions for summary judgment delineated the frivolous and unreasonable nature of Plaintiff's claims,[18] and as Concentra points out, instead of addressing the Defendants' combined 63 pages of summary judgment briefing and argument, Plaintiff's counsel filed a four-page response (Doc. No. 130-1), which did not address the primary arguments (that Plaintiff had no disability and Concentra was not Plaintiff's employer). Then Plaintiff's counsel filed a "whirlwind" of ancillary, petty motions and "supplemental" material (Doc. Nos. 131, 143 and 146 (which were motions for leave to file motions), 147, 150, 153 and 154 (which was also a motion for leave to file a motion), 157, 158,

---

delayed proceedings and increased expenses in this case. (Doc. Nos. 88-1 at 1553-56; 88 at 2; 94 at 3-13). Holland argues that Plaintiff's counsel repeatedly asserted a claim for damages based upon the allegation that Plaintiff suffered $500,000 in damages because he lost his home, but "costly discovery" demonstrated that the bank foreclosed on Plaintiff's home before he was ever removed from Holland's work schedule. (Doc. No. 232-3 at 53-56; *see also* Doc. No. 94 at 25).

[18] For example, Holland pointed out that Plaintiff was not protected by the ADA, because he had admitted he had no disability and it was undisputed that he was not "qualified" if he did not have the DOT certification. (Doc. No. 115), Concentra pointed out that it could not be liable under Title I of the ADA or under the TDA because it was not Plaintiff's employer. (Doc. No. 119-1).

and 171[19]) and motions for reconsideration of adverse rulings on the same (Doc. Nos. 155-56, 165), which the Court later denied.

For these reasons, Plaintiff's counsel unreasonably multiplied, delayed, and prolonged these proceedings, which increased litigation expenses, and the Court finds that Plaintiff's counsel is jointly and severally liable for those attorneys' fees and nontaxable costs incurred by Defendants between May 18, 2018 (the date of Defendants' motions for summary judgment), and December 5, 2018 (the date of this Court's ruling).

The Motions for Attorneys' Fees are referred to the Magistrate Judge to determine reasonable and appropriate amounts for each Defendant (based upon Defendants' filings) to be awarded against Plaintiff and Plaintiff's counsel, respectively, in light of this Order. Except to the extent ordered below, there will be no further briefing on the Motions for Attorneys' Fees absent specific order of the Magistrate Judge.

## TAXATION OF COSTS

1. Holland's Request for Review

Holland asks the Court to review the Clerk's Final Taxation of Costs as to Holland (Doc. No. 250) and change it in two ways: (1) to award Holland a reasonable amount of costs claimed with regard to personal service of summonses and subpoenas and (2) to award Holland the full costs claimed in relation to transcripts (with the exception of administrative fees). (Doc. No. 251). Concentra is not seeking review of the Clerk's Final Taxation of Costs as to it. (Doc. No. 249).

---

[19] As the Court noted in denying Plaintiff's Motion for Leave to file a surresponse and supporting documents (Doc. No. 171), Plaintiff sought to file, four months after the motions for summary judgment were filed, 93 pages of additional documents *after* the Court had ordered that no further filing shall be made with regard to the motions for summary judgment. (Doc. No. 175).

Costs are awarded to a prevailing party in accordance with Fed. R. Civ. P. 54(d)(1). The Sixth Circuit Court of Appeals has held that Rule 54(d) creates a presumption in favor of awarding costs. *Szeinbach v. Ohio State Univ.*, No. 2:08-cv-822, 2017 WL 2821706, at *14 (S.D. Ohio June 30, 2017) (citing *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006)). That presumption, however, will not sustain an award of costs in the absence of a showing that the costs were reasonably necessary. *Id.* Once entitlement to the award is established, to overcome the presumption that the prevailing party is entitled to taxable costs, the objecting party bears the burden of showing that the cost was either unnecessary or unreasonable. *Id.* Circumstances that may justify a denial of costs include cases in which (1) the taxable costs are unnecessary or unreasonably large, (2) the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, (3) the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the non-prevailing party, and (4) the litigation was close and difficult. *Cooley v. Lincoln Electric Co.,* 776 F. Supp. 2d 511, 574 (N.D. Ohio 2011).

Other than broad accusations about Defendants' "unclean hands"[20] and alleged misbehavior (circumstances the Court did not find during the litigation, and does not find now, to have existed), Plaintiff does not dispute that a party that is a "prevailing party" is entitled to an award of the costs allowed under 28 U.S.C. § 1920; nevertheless, he disputes that Defendants here are entitled to an award of costs. Taxation of costs by the Clerk is subject to *de novo* review by

---

[20] Decisions regarding the proper application of the doctrine of unclean hands are heavily fact-dependent and are addressed to the considerable discretion of the trial court. *Lubber, Inc. v. Optari LLC*, No. 3:11-0042, 2013 WL 1245679, at *13 (M.D. Tenn. Mar. 26, 2013). There was no finding in this case that Defendants had "unclean hands" and the Court does not find so now.

this Court. *Kucera v. Jefferson Cty. Bd. of Sch. Comm'rs*, No. 3:03-CV-593, 2018 WL 8333408, at *4 (E.D. Tenn. Dec. 17, 2018).

A. Summonses and Subpoenas

Holland asks the Court to award it reasonable costs in relation to the personal service of subpoenas. (Doc. No. 252 at 8). Under 28 U.S.C. § 1920(1), the clerk may tax costs for "fees of the clerk and marshal." *See also* 28 U.S.C. § 1921(a)(1)(B). If a party uses a private server, the costs cannot exceed what would be charged by the U.S. Marshals Service for the same service. *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 202-03 (6th Cir. 2002), *cited in Scheffler v. Lee*, Civil Action No. 3:14-CV-373-CRS, 2020 WL 2174449, at *8 (W.D. Ky. May 5, 2020). According to 28 C.F.R. § 0.114, United States Marshals' service fees are "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." *Scheffler,* 2020 WL 2174449, at *8.

Here, the Clerk declined to tax costs in Holland's favor for summons and subpoenas, citing the fact that Holland used a private process server and the Clerk's inability to determine whether Holland's claimed fees were reasonable or within the rates set by the U.S. Marshal Service. (Doc. No. 243). The Clerk indicated that the amount claimed for subpoenas in Holland's bill of costs seemed excessive, sometimes more than triple the $65.00 per hour allowed for the Marshals Service. "Without better justification and detail from the Defendant, the Clerk declines to tax any of these costs." (*Id.*)

Holland filed its Bill of Costs on January 24, 2020. (Doc. No. 230). On February 11, 2020, the Clerk issued a Notice Relating to Taxation of Costs (Doc. No. 242), in which he announced the initial taxation of costs and gave the parties fourteen days to file any exceptions. Holland filed exceptions fourteen days later, on February 25, 2020 (Doc. No. 247); but, unfortunately, both the

docket entry and the document itself referenced the wrong docket number (Doc. No. 234 instead of Doc. No. 243) and the exceptions did not come to the attention of the Clerk. (*See* Doc. No. 250). In its exceptions, Holland filed updated exhibits concerning the service of subpoenas. (Doc. No. 247). Holland's filing was not untimely, as Plaintiff contends.

The Court finds that Defendants were entitled to subpoena records from the medical providers disclosed by Plaintiff in order to have a complete picture of Plaintiff's medical history. *See Stewart v. Orion Fed. Credit Union,* 285 F.R.D. 400, 402 (W.D. Tenn. 2012) (defendant entitled to obtain medical records of plaintiff directly from physicians through a Fed. R. Civ. P. 45 subpoena). After reviewing the updated exhibits 1 through 48, (Doc. Nos. 247-1, 247-2), the Court believes that Holland is entitled to costs associated with these subpoenas,[21] not to exceed $65 per subpoena (and where the costs claimed are less than $65, the lower amount). Plaintiff's objections to the costs for these subpoenas are overruled.[22]

Because the Clerk did not have the benefit of the updated exhibits, the Bill of Costs is referred back to the Clerk to determine the allowable costs for the service of subpoenas based upon Holland's updated exhibits and this Order. To the extent there are duplicative charges, those costs should be disallowed. To the extent Plaintiff has made objections to specific subpoenas, the Clerk shall rule on those objections in light of this Order. There shall be no further briefing on this issue absent specific order of the Clerk.

### B. Deposition and Hearing Transcripts and Related Fees

---

[21] Plaintiff's arguments about multiple copies do not apply to the costs for service of summonses and subpoenas; these are costs for *service* of the subpoenas, not copies.

[22] In response to Holland's request for review, Plaintiff reargues the merits of his case, accusing Holland of misconduct toward Plaintiff and raising issues that have long since been decided against Plaintiff by the Court.

The Clerk allowed costs to Holland only for transcripts, not for copying, administrative costs, per diem rates, or expedited rates. (Doc. No. 243). Fees for "printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(2). Holland asks the Court to award it costs associated with (1) Plaintiff's deposition (including both the written transcript and the video recording), (2) certain hearing transcripts, (3) Dr. Chernowitz's deposition, and (4) the two depositions of Dr. Rodriguez. (Doc. No. 252).[23]

With regard to per diem fees, the Sixth Circuit has stated, unsurprisingly, that "'[a] court reporter's appearance fee is necessary to take a deposition.'" *Ashland Hosp. Corp. v. RLI Ins. Co.*, Civil Action No. 13-143-DLB-EBA, 2015 WL 5063184, at *4 (E.D. Ky. Aug. 26, 2015) (quoting *Arrambide,* 33 F. App'x at 203); *see also Pogue v. Nw. Mut. Life Ins. Co.,* Civil Action No. 3:14-CV-0598-CRS, 2019 WL 2814643, at *2 (W.D. Ky. July 2, 2019). Because the court reporters were necessary, the Court will allow Holland to recover their per diem appearance charges for Plaintiff's deposition and the deposition of Dr. Chernowitz.[24]

As for copying costs, Holland indicates that these charges were for copies of deposition exhibits. (Doc. No. 252 at 13). District courts within the Sixth Circuit allow such costs to be taxed because deposition exhibits "are routinely necessary to support summary judgment motions and at times prove useful at trial." *Pogue*, 2019 WL 2814643, at *2 (quoting *Ashland*, 2015 WL 5063184,

---

[23] Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. *Meirs v. Cashman*, No. 1:15-CV-866, 2019 WL 5112112, at *1 (W.D. Mich. July 18, 2019). Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling. *Id.* Courts within this Circuit have concluded that depositions cited by either party in support or defense of a motion are reasonably necessary for the litigation and, therefore, are taxable by the prevailing party under § 1920(2). *Id.*

[24] Holland states that it was not charged per diem rates for Dr. Rodriguez's depositions. (Doc. No. 252 at 17).

at *6). The Court finds that Holland should be awarded costs for copying deposition exhibits for the depositions of Plaintiff, Dr. Chernowitz, and Dr. Rodriguez because those exhibits were important to support Holland's motion for summary judgment and other pretrial motions filed in this case. Moreover, these exhibits would likely have been used at trial.

The Clerk declined to award costs for the court reporters' 14-day expedited rates claimed by Holland, "without further justification or order from the Court." (Doc. No. 243). A court has discretion whether to tax expedited services. *Ashland Hosp.*, 2015 WL 5063184, at *5 ( reasonably necessary for a party to expedite deposition transcripts so that it could review them for use in a reply brief, which was due soon thereafter; therefore, the costs to expedite were taxable); *LFP IP, LLC v. Hustler Cincinnati, Inc.*, No. 1:09-CV-913, 2016 WL 7015764, at *3 (S.D. Ohio Nov. 30, 2016) (expedited transcripts allowed because depositions taken within one month of trial).

There are seven transcripts to which Plaintiff objects. (Doc. No. 252 at 14-15). Five of these transcripts were of court hearings. (*Id.*) Holland claims that the expedited transcripts were necessary to have timely and complete records of the Magistrate Judge's discussion and orders, so it could prepare for upcoming discovery and for anticipated motions and to be sure that it complied with the Court's rulings and deadlines. Normally, a court adequately sets forth its rulings and deadlines in its orders following court hearings. Transcripts of discovery hearings have been allowed as taxable costs, however, when they are "necessarily obtained for use in the case." *See Nero v. Am. Family Mut. Ins. Co.,* No. 11:-cv-02717- PAB-MJW, 2013 WL 5323262, at *5 (D. Colo. Sept. 23, 2013) (costs for transcripts of discovery hearings used in litigating discovery disputes and responding to opposing party's motions were allowed); *In re: Fundamental Long Term Care, Inc.,* 753 F. App'x 878, 884 (11th Cir. 2019) ("pleadings and orders surrounding

hearings may not be enough to complete the litigation picture without transcripts of the hearings themselves").

As set forth above in relation to the motions for attorneys' fees, this case involved contentious and tedious disputes about just about everything, but especially about discovery and applicable court procedures. Given the history of numerous and voluminous hearings in this case on a wide range of issues, the Court, in its discretion, believes it was reasonable for Holland to order transcripts of the subject court hearings, particularly because of the potential disputes as to what was represented by counsel and stated by the magistrate judge at those hearings. In addition, the Court believes that Holland should be awarded its costs for expediting those transcripts in order to meet upcoming deadlines, respond to upcoming motions, and respond to discovery. Therefore, Holland should be awarded its costs for the expedited rates for transcripts of the five court hearings—June 8, 2017; August 10, 2017; August 31, 2017; November 28, 2017; and February 27, 2018.[25]

The other two transcripts to which Plaintiff objected are transcripts requested in April 2019 in preparation for the appeal, for which Holland did *not* request expedited rates (Doc. No. 230-4 at 5443) and the transcript of the August 18, 2017 deposition of Dr. Chernowitz. Holland explained (in response to Plaintiff's motion to quash) why Dr. Chernowitz's deposition was important as follows: "During the deposition, USF Holland received confirmation that Plaintiff failed to disclose various medical conditions to Dr. Chernowitz during his Department of Transportation

---

[25] The Court notes that at a November 28, 2017 hearing before the Magistrate Judge, there was a dispute about what the Court had ordered Plaintiff to do in a prior hearing, and Plaintiff's counsel admitted that she should have gone back and looked at the transcript of the earlier hearing. (Doc. No. 94 at 25-28). Counsel for Holland provided a copy of the transcript from the earlier (August 10, 2017) hearing for the Magistrate Judge to review. (*Id.* at 27).

re-certification examination, including but in no way limited to Plaintiff's mini-strokes and a diagnosis of atrial fibrillation in 2016." (Doc. No. 70 at 1, n.1). The deposition of Dr. Chernowitz was crucial to the Magistrate Judge's consideration (specifically at the August 31, 2017 hearing) of the submission of an allegedly false DOT certification (Doc. No. 77 at 23-29), and he asked that the deposition be filed. (Doc. No. 71 at 2; Doc. No. 77 at 23). Holland's request for an expedited transcript of Dr. Chernowitz's deposition was reasonable in light of both its importance and its use at the August 18, 2017 hearing.[26] Given the facts disclosed in Dr. Chernowitz's deposition, that transcript was important to the bigger issue of motor vehicle safety as well.

Holland also seeks costs for both the transcript and the video recording of Plaintiff's deposition. The Clerk taxed the higher of the two amounts but not both. (Doc. No. 243). As noted earlier, Section 1920 allows for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. The Sixth Circuit has recognized that video deposition costs are taxable under § 1920 and that both stenographic transcripts and videotaped depositions, together, may be taxed. *LFP IP,* 2016 WL 7015764, at *2; *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *3 (W.D. Ky. May 7, 2013); *Ashland Hosp.,* 2015 WL 5063184 at * 3.

Holland asserts that the video deposition of Plaintiff was especially important in this case because Plaintiff repeatedly began to doze off during his questioning, a fact relevant to his alleged sleep apnea and not evidenced by the written transcript alone. Given that Plaintiff was (at least arguably) the primary witness in this case, and that the primary issue was sleep apnea and

---

[26] The cases Plaintiff cites do not counsel otherwise. Plaintiff argues that costs for Dr. Chernowitz's deposition were incurred for a grievance hearing, but his testimony and the expedited transcript were used to further *this* case, even if the transcript was also used for a grievance hearing. In any event, the grievance hearing, which challenged Holland's termination of Plaintiff's employment, was implicated in this case as well. *See, e.g.,* Doc. No. 66 at 6-7.

Plaintiff's fitness to drive because of it, such video evidence could have been important evidence (at least for purposes of impeachment) at trial. Holland reasonably concluded that a videotaped deposition was necessary to present Plaintiff's testimony. Holland is entitled to reimbursement for the costs therefor.[27]

Finally, Holland asks that it be reimbursed for the costs related to Dr. Rodriquez's two depositions. Dr. Rodriquez was Plaintiff's own expert, the physician who treated him for sleep apnea. (Doc. No. 112-1). The context of his deposition is set forth in Concentra's Motion for Leave (Doc. No. 101). Plaintiff scheduled a deposition of Dr. Rodriguez via written questions, pursuant to Fed. R. Civ. P. 31. Concentra requested leave to convert that Rule 31 deposition to a Rule 30 oral testimony deposition. (Doc. No. 101). In its motion, Concentra represented that "the costs of this Rule 30 deposition would be borne by Defendants, imposing no additional cost on Plaintiff." (Doc. No. 101 at 2). Plaintiff argues this statement precludes either Defendant from seeking, as taxable costs at the end of this litigation, costs for Dr. Rodriguez's depositions. Holland contends that it never promised Plaintiff that it would pay the costs of Dr. Rodriguez's deposition and it should not be bound by Concentra's representation. (Doc. No. 256 at 14).

The Court will deny Holland's request for the costs of Dr. Rodriguez's deposition, based upon the representation by Concentra to Plaintiff. To the extent Holland objects, it should take the matter up with Concentra.

---

[27] The Court notes that Plaintiff relied upon his own video deposition as well. Plaintiff requested that the Court extend his deadline to disclose expert testimony in order that his expert could properly review Plaintiff's video deposition (Doc. No. 60-1), and Plaintiff filed the video recording of his deposition in support of his Motion to Reconsider (Doc. No. 86).

For these reasons, the Taxation of Costs on behalf of Holland is referred back to the Clerk of Court to determine, in light of this Order, the appropriate amounts to be taxed to Plaintiff on behalf of Holland.

B. Plaintiff's Motion for Review

Plaintiff's Motion Seeking Court Review (Doc. No. 253) argues that the costs awarded (presumably to both Defendants) should be disallowed for three reasons: (1) they are excessive, (2) the supplemental documentation filed by Holland was untimely, and (3) the defense engaged in improper behavior. Plaintiff's objections, for the most part, mirror his responses to Holland's Request for Review.

Plaintiff again contends that his income should be considered in the assessment of costs. "Among the factors the district court may properly consider in denying costs to a prevailing party . . . [is] the losing party's inability to pay." *Frye v. Baptist Mem'l Hosp., Inc.*, 863 F. Supp. 2d 701, 710 (W.D. Tenn. 2012). In the case cited by Plaintiff, the court stated that the burden is on the losing party to show that he is unable, as a practical matter and as a matter of equity, to pay the defendant's costs. *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004). To invoke the inability-to-pay factor, a party must demonstrate not merely that payment would be a burden, but also that he is indigent. *Id.* A party is indigent if he is incapable of paying the court-imposed costs at this time or in the future. *Id.* Noting the plaintiff's regular monthly income, the court in *Tuggles* found that costs should be awarded, even though there were no assets in the plaintiff's bankruptcy estate and her income allowed for the payment of monthly bills only. *Id.* at 846.

Plaintiff filed an affidavit (Doc. No. 240-2) in opposition to the bill of costs, in which he stated: "A financial hardship would result if I am forced to pay the presented items." He indicated

that he has income from his job with Holland and from the Social Security Administration. Moreover, Plaintiff was recently released from bankruptcy.[28] (*Id.*) The Court finds that, as in *Tuggles*, Plaintiff has not shown that he is indigent or that he is incapable of paying any court-imposed costs at this time or in the future. Moreover, as in *Tuggles*, Plaintiff could arrange a payment plan. *Tuggles,* 328 F. Supp. 2d at 846. The Court finds that Plaintiff has not overcome the presumption in favor of awarding costs to Defendants because of his alleged inability to pay.

As for Plaintiff's claims that the claimed costs are excessive, the Court has addressed these arguments with regard to Holland's Motion for Review and will address them further below. As for Plaintiff's assertion that the supplemental documentation filed by Holland in support of its Bill of Costs was untimely, the Court has already addressed that issue with regard to the timely filing, albeit incorrectly entitled and, therefore, not seen by the Clerk. Finally, with regard to Plaintiff's allegation that the defense engaged in improper behavior, that matter has been considered and Plaintiff's relief based thereon denied. Plaintiff has failed to show that Defendants caused unnecessary delays; indeed, the instant motions for attorneys' fees and the Court's ruling thereon, above, show that it was *Plaintiff*, not Defendants, who caused unreasonable and unnecessary delays and unnecessarily prolonged the litigation in this matter.

Plaintiff first contends that he should not have to pay the costs for his own deposition because it was (according to him) unreasonably protracted, he was "dehumanized," and it was used

---

[28] Holland argues that Plaintiff "presumably wiped out most, if not all, of his recent debt through his recently concluded 2014 bankruptcy." (Doc. No. 256 at 5). This Court previously found that Plaintiff filed for Chapter 13 bankruptcy protection in August of 2014; that Plaintiff did not include or identify his employment discrimination claim as an asset in his bankruptcy petition; and that on November 13, 2014, the Bankruptcy Court confirmed Plaintiff's Chapter 13 Plan. (Doc. No. 180 at 5). This Court has made no finding as to whether Plaintiff "wiped out most, if not all, of his recent debt."

"to further an inappropriate purpose" (Doc. No. 253-1 at 2). Plaintiff has not, however, carried his burden to show these alleged circumstances. As explained above, Plaintiff obviously was a key witness, and his testimony basically undercut his own claims. Over Plaintiff's objection, the Court ruled that Defendants were entitled to take Plaintiff's deposition for a two-day period, which they did, so the argument that the deposition went too long is contrary to the Magistrate Judge's prior order. (Doc. No. 58 at 1). In ruling on Holland's Motion for Review above, the Court found that Holland has shown that the Plaintiff's deposition was both reasonable and necessarily obtained for its defense of this case. Despite the contentious nature of parts of the deposition (see Doc. No. 85 at 2-3), the Court does not find that Plaintiff was "dehumanized" in his deposition. Plaintiff argues that he was "unreasonably referenced" at least seven times during his deposition. (Doc. No. 253-1 at 2). The Court does not know what Plaintiff means by "unreasonably referenced." Plaintiffs' examples appear to be points at which counsel asserted that plaintiff was lying or "making stuff up." Plaintiff has not shown, however, that the contentious nature of the deposition prolonged the *litigation* or caused *unnecessary* delays. Neither does this argument establish that the transcripts of Plaintiff's deposition were unnecessary or involved unreasonable costs.[29]

Plaintiff's Motion for Review on this issue will be denied. The Court will not reduce the costs awarded to Defendants in relation to Plaintiff's deposition, and those costs shall be calculated by the Clerk in accordance with this opinion.

Plaintiff also asserts that Dr. Chernowitz's deposition was taken for an improper purpose (although he fails to identify that "improper purpose") and included issues unrelated to this case.

---

[29] Further, nothing about the Plaintiff's filing of a second lawsuit in this Court (Case No. 3:19-cv-1033) (*see* Plaintiff's arguments, Doc. No. 253-1 at 4-5) demonstrates that Plaintiff's deposition was unnecessary or that the costs thereof should be disallowed. The costs for Plaintiff's deposition relate to this case only.

As explained above, Dr. Chernowitz is the DOT-certified medical examiner who issued a medical examiner's certificate to Plaintiff in May 2017. During Dr. Chernowitz's deposition, Defendants received confirmation that Plaintiff had failed to disclose various medical conditions to Dr. Chernowitz during his DOT re-certification examination. (Doc. No. 70 at 1, n.1).[30] That issue is clearly relevant to this case. This deposition was taken for the purpose of confirming Plaintiff's own admission that he had concealed certain medical conditions from the DOT examiner, facts that clearly related to Plaintiff's claims and the issues of driver safety herein.

Plaintiff also argues that the costs of Chernowitz's deposition should not be awarded, because the deposition was not reasonably noticed, but he has provided no authority that prohibits the recovery of costs because of allegedly insufficient notice. In any event, the argument about notice for this deposition has been heard and decided. (*See* Doc. No. 133 at 4-5 and citations therein; Doc. No. 69). Next, Plaintiff objects to awarding costs for the Chernowitz deposition because "it was conducted in haste for a grievance hearing." (Doc. No. 253-1 at 8). Plaintiff has not explained how the quick scheduling of the deposition, even if prompted by dates or deadlines of a parallel proceeding, makes the deposition's costs in this action not reasonable or necessary.

Plaintiff asserts that the $40 witness fee should be excluded from costs because Dr. Chernowitz was an undisclosed expert. Because, as set forth above, the deposition of Dr. Chernowitz was important to the issues in this case, the witness fee should be included in taxable costs. The debate about whether Dr. Chernowitz (who was first disclosed by Plaintiff, not Defendants) had to be disclosed as an expert witness relates to bygone issues that were brought

---

[30] Plaintiff admitted in his deposition that he concealed medical conditions during the DOT medical examination by Dr. Chernowitz. It was such concealment (by false statements or omissions) from Dr. Chernowitz that led to Holland's removing Plaintiff from service until he could secure a truthfully obtained certificate. *See* Doc. No. 256 at 9.

before the Magistrate Judge, not to whether costs should be assessed. Plaintiff's argument does not change the Court's ruling herein, and the Court notes that Dr. Chernowitz's important testimony is on *factual* issues—*i.e.*, whether Plaintiff disclosed certain important medical information or not.

Plaintiff also challenges the accuracy of the transcript of Dr. Chernowitz's deposition, but he provides no authority for excluding taxable costs of a transcript based on its accuracy. Plaintiff makes additional baseless arguments, citing no authority, by claiming that these costs should not be taxable because (1) Concentra did not ask questions in the deposition or refer to Chernowitz in its statement of undisputed facts supporting summary judgment, (2) Holland referenced Chernowitz "only" seven times in its statement of undisputed facts, and (3) the Court did not mention Chernowitz in its ruling. Plaintiff's apparent attempt to claim that the Chernowitz deposition was not important has been addressed above. The Clerk shall allow the expenses associated with the deposition of Dr. Chernowitz as taxable costs herein.

Next, Plaintiff objects to the expenses assessed by the Clerk for Dr. Rodriguez's two depositions. As noted above, Holland argues that it never represented that it would bear the costs of Dr. Rodriguez's deposition and it should not be bound by Concentra's representation. (Doc. No. 256 at 14). Concentra argues that it never said that it would forgo reimbursement for these costs once it prevailed on all counts in this lawsuit. (Doc. No. 257 at 3). For the reasons set forth above, the Court finds that the expenses for Dr. Rodriguez's two depositions should *not* be taxed to Plaintiff.

Plaintiff next objects to the costs for Concentra to transcribe voice recordings *produced by Plaintiff* in this action. Plaintiff testified that he allowed his friend to record conversations he had with persons who worked for Concentra on three different occasions. (Doc. No. 158-1). Plaintiff

actually relied upon and filed parts of a transcript of these recordings in support of his response to Defendants' dispositive motions. (Doc. No. 130-12).[31]

Plaintiff objects to awarding costs to Concentra for these transcriptions because he claims Holland already had copies (to which Concentra allegedly had access under a "joint defense theory") and because Concentra could have listened to the recording as opposed to having it transcribed. (Doc. No. 253-1 at 12-13). Plaintiff has made no objection that this category of costs generally is not taxable,[32] and the Court finds that transcription of the audio recordings was reasonable and necessary for Concentra's defense, particularly because Plaintiff claimed the recordings were evidence that Holland improperly influenced Concentra's physicians in their DOT examinations of Plaintiff. The costs of these transcriptions shall be allowed to Concentra.

Plaintiff objects to the costs of the district court transcripts referenced above in the discussion of Holland's Motion for Review. For the reasons stated above, Plaintiff's objections to these costs are overruled. Plaintiff also objects to Defendants' copying costs. For the reasons the Court allowed copying costs to Holland (*see* above), the Clerk shall allow costs for copies of the

---

[31] The Court noted, in ruling on the dispositive motions, that the transcript filed by Plaintiff was not authenticated—that is, Plaintiff offered no testimony of someone who had compared the transcript and the recording and could say that the transcript accurately reflected the recording. (Doc. No. 180 at 21). Plaintiff attempted to introduce the transcript to support his claim that Holland inappropriately influenced Concentra's decisions concerning his DOT certifications. (*Id.* at 20-22).

[32] Other courts have allowed such costs. *See, e.g., Consumer Fin. Prot. Bureau v. Weltman, Weinberg & Reis, Co., L.P.A.*, 342 F. Supp. 3d 766, 771–72 (N.D. Ohio 2018) (because consumer calls were central to the allegations in the case and necessary for use in the case, costs of transcribing the calls was a reasonable and necessary cost to incur) and *Williams v. Gate Gourmet, Inc.*, No. 1:09-CV-1557-MHS, 2011 WL 13273027, at *4 (N.D. Ga. May 5, 2011) (because portions of transcripts of audio tapes were referred to and quoted in arguments made to the court, it was reasonable and prudent for defendant to have tapes professionally transcribed by an independent third party).

exhibits to the depositions of Plaintiff, Dr. Chernowitz, and Dr. Rodriguez. To the extent Plaintiff objects to costs for copies of subpoenaed records (healthcare or financial records), the Clerk shall determine the reasonableness and necessity of such exhibits to the defense of this action, in light of Plaintiff's arguments (Doc. No. 253-1) and Holland's arguments (Doc. No. 256) and the submitted invoices. The Clerk shall exclude any duplicative or unnecessary costs.

## CONCLUSION

It is important for claimants and their attorneys not to be unduly chilled from bringing claims by the fear of liability for costs and attorney's fees. Accordingly, courts should not impose such liability lightly. On the other hand, there is extant law that dictates that under certain circumstances, the court, whatever its misgivings, should impose such liability. It is this Court's duty to apply such law to the facts as the Court construes them and a render a decision accordingly. Here, the above-state reasons, the Court finds that Plaintiff and his counsel are variously liable for some (though not all) of the attorneys' fees and costs for which Defendants claim they are liable. This result was avoidable in whole or in part had only different choices been made on Plaintiff's side at any of a number of junctures.

Accordingly, as set forth above, Holland's Renewed Motion for Award of Attorney Fees and Nontaxable Expenses and Supplement of Subsequent Fees (Doc. No. 231) is **GRANTED in part and DENIED in part** as set forth above. Concentra's Second Motion for Attorneys' Fees (Doc. No. 233) and Renewed Motion for Attorney Fees (Doc. No. 235) are **GRANTED in part and DENIED in part** as set forth above. Holland's Request for Review of the Final Taxation of Costs (Doc. No. 251) is **GRANTED** as set forth above, and Plaintiff's Motion Seeking Court Review (Doc. No. 253) is **DENIED**.

Defendants shall submit, by February 23, 2021, concise documentation to support their claims for reasonable attorneys' fees allowed by this Order since May 18, 2018. The matter of the amount of attorneys' fees to be allowed to each Defendant is referred to the Magistrate Judge for decision as set forth herein. **No further briefing** shall be allowed as to the award of attorneys' fees absent specific order of the Magistrate Judge.

The issue of taxation of costs is referred back to the Clerk of Court to re-evaluate and determine the proper taxation of costs to be awarded to Holland, in light of this opinion. **No further briefing** shall be allowed as to the taxation of costs, absent specific order of the Clerk of Court. Moreover, the Court will not look favorably upon any new motions with regard to these matters, absent extraordinary and extreme circumstances.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE