UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERNEST A. SOUTHALL,<br><br>    Plaintiff(s),<br><br>v.<br><br>USF HOLLAND, INC., OCCUPATIONAL HEALTH CENTERS OF THE SOUTHWEST, P.A.,<br><br>    Defendant(s). | Case No. 3:15-cv-1266<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

The underlying facts and tortured history of this employment discrimination action have been set out in great detail in prior orders. That history—rightly characterized as "an unmitigated mess . . . [for w]hat should have been a straightforward case' under the [Americans with Disabilities Act]"—led the Court to grant in part and deny in part motions for attorneys' fees and nontaxable expenses filed by Defendants USF Holland, Inc. (Holland), and Occupational Health Centers of the Southwest, P.A. (Concentra). (Doc. No. 265.) The Court awarded attorneys' fees to Holland and Concentra under the Americans with Disabilities Act (ADA), which provides that a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."[1] 42 U.S.C. § 12205. The Court also found that counsel for Plaintiff Ernest A. Southall "so multiplie[d] the proceedings in [this] case unreasonably and

---

[1] The Court denied Defendants' claim for attorneys' fees under the Tennessee Public Protection Act. (Doc. No. 265.)

vexatiously" as to be jointly and severally liable for any fee award pursuant to 28 U.S.C. § 1927. This Memorandum Order addresses the appropriate amounts of the attorneys' fees awards.

**I.      Legal Standard**

As directed by statute, any award of fees to a prevailing party in an ADA action must be "reasonable." 42 U.S.C. § 12205. A reasonable fee award is "'adequate to attract competent counsel'" but "'does not produce windfalls to attorneys.'" *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) (quoting *Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624, 633 (6th Cir. 1979)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Sixth Circuit has long recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). After the lodestar is calculated, the court may increase or decrease that amount based on a number of factors, although "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[2] *Hensley*, 461 U.S. at 434 n.9. The prevailing

---

[2] These factors, first articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974), are:

> (1) The time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesireability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999) (citing *Johnson*, 488 F.2d at 717–19).

party must provide documentation to support the requested fee award. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). Ultimately, the decision to award fees and the amount of fees to be awarded are committed to the court's discretion. 42 U.S.C. § 12205.

**II.     Calculation of the Fee Awards**

As directed by the Court, Holland and Concentra have provided "concise documentation to support their claims for reasonable attorneys' fees . . . since May 18, 2018" made in their renewed fee motions (Doc. No. 265). (Doc. Nos. 266, 268.) Southall did not respond in opposition to these filings. Southall did oppose Defendants' initial motions for attorneys' fees and costs. (Doc. No. 241.) "A large portion of [Southall's] Objection," however, was "a rehash of his arguments on summary judgment and earlier in this case" that this Court and the Court of Appeals had already considered and soundly rejected. (Doc. No. 265.) Southall did not contest that the lodestar method was the appropriate means of determining a reasonable fee award or challenge the hourly rates proposed by Holland or Concentra for their attorneys or the number of hours either Defendant's attorneys claimed to have billed.

A.     Holland's Fee Award

Holland seeks fees for time billed by John Doran and Lori Wright Keffer, who practice with the law firm Sherman & Howard, located in Scottsdale, Arizona. (Doc. No. 266-1.) Although Southall has not objected to the particular hourly rates claimed or the number of hours billed by Holland's counsel "'the [c]ourt has an independent duty to review the fee request to determine its reasonableness.'" *Howard v. Tennessee*, No. 3:16-CV-2829, 2018 WL 10151080, at *4 (M.D. Tenn. Dec. 14, 2018) (quoting *State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.*, No. 5:11-CV-316, 2013 WL 5442302, at *2 (N.D. Ohio Sept. 27, 2013)). To determine the reasonableness of a requested hourly rate, "courts look to '[rates] prevailing in the community for similar services

by lawyers of reasonably comparable skill, experience, and reputation.'" *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "[R]easonable fees . . . are to be calculated according to the prevailing market rates in the relevant community . . . ." *Blum*, 465 U.S. at 895; *see also Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) ("To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."). A court may consider a number of data points to determine the reasonable hourly rate in its community, including proof of rates charged in similar cases, opinion evidence of reasonable rates, the attorney's actual billing rate and prior fee awards, and the court's own expertise and judgment. *See Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010).

The initial engagement letter from Doran to Holland set Doran's hourly rate at $545.00. (Doc. No. 266-1.) Doran's rate increased to $575.00 per hour in December 2016 (*id.*), and to $615.00 per hour in December 2018 (*id.*). Billing records show that Doran's hourly rate remained $615.00 in 2019. (Doc. Nos. 266-2; 266-3.) Although the engagement letter set Keffer's hourly rate at $350.00, supporting records show that Keffer's billed hourly rate in 2018 and 2019 was $325.00. (*Id.*) Doran, a partner at Sherman & Howard, provides an affidavit establishing his impressive professional credentials attained over more than thirty years of practice, primarily as a labor and employment lawyer. (Doc. No. 266-3.) Doran also attests to Keffer's approximately nine years of law practice at the time of this case, including around six years as an associate and special attorney at Sherman & Howard. (*Id.*)

To establish the reasonableness of the rates requested by Doran and Keffer, Holland provides the affidavit of Holland's local counsel Steven E. Anderson, who opines, based on more

than thirty years of experience practicing law in Tennessee, that the rates are reasonable "in light of the credentials and experience" of Doran and Keffer and "the prevailing rates charged by other law firms in the Nashville, Tennessee[,] area for attorneys with similar credentials and experience." (Doc. No. 266-4.) Anderson does not include any examples of the prevailing rates to which he compares the rates billed by Doran and Keffer, nor does he include his own hourly rate. (*Id.*)

The Court has reviewed the hourly rates applied in fee awards to counsel with qualifications and experience similar to Doran's and Keffer's and finds the requested rates to be higher than those generally awarded in this Court in similar litigation. For example, in *Evans v. Caregivers, Inc.*, the magistrate judge reviewed numerous cases from this District establishing hourly rates "for experienced attorneys seeking recovery of fees in federal fee shifting statutes" and found the rate to range from between "$250.00 to $275.00 per hour" in 2013, to "$395 per hour as the high end rate for experienced attorneys in this jurisdiction" in 2015, and $350.00 per hour as a general hourly rate in 2018. No. 3:17-CV-402, 2018 WL 1899360, at *3 (M.D. Tenn. Apr. 20, 2018) (collecting cases). The magistrate judge recommended $395.00 as an appropriate hourly rate for an attorney with "over thirty years of experience emphasizing employment matters" and an hourly rate of $250.00 per hour for an attorney with seven years of litigation experience.[3] (*Id.*) In an employment discrimination action brought under federal and state civil rights statutes, the Court approved a $450.00 hourly rate for an attorney with "over thirty-eight years of experience as a lawyer." *Hawkins v. Ctr. for Spinal Surgery*, No. 3:12-CV-01125, 2017 WL 6389679, at *4 (M.D. Tenn. June 21, 2017). More recently, the Court approved $450.00 as an appropriate hourly

---

[3] It appears that this matter settled before the magistrate judge's report and recommendation was considered by the district judge.

rate for an attorney with more than forty years' experience that included serving as the U.S. Attorney for the Middle District of Tennessee. *Kryder v. Rogers*, No. 1:13-CV-00048, 2019 WL 13160805, at *6–7 (M.D. Tenn. Mar. 29, 2019). In *Howard v. Tennessee*, the Court approved hourly rates from $450.00 to $600.00 for partner-level attorneys and $400.00 for an associate. *Howard*, 2018 WL 10151080, at *5.

The Court is mindful that "setting rates based on prior cases has the effect of capping attorney's fees." *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 447 (6th Cir. 2009). The Court also recognizes the extraordinary nature of the effort required to litigate this particular case. Considering the prevailing hourly rate for attorneys of similar experience to Doran during the timeframe addressed by this fee award, the Court finds that an hourly rate of $500.00 is appropriate. The Court finds $300.00 to be an appropriate hourly rate for Keffer.

In an accompanying affidavit, Doran states that the number of billed hours reflected in Holland's motion "does not include a very sizeable amount of billed time." (Doc. No. 266-3.) For example, Holland's request "omits time for all but the two primary attorneys on the case [Doran and Keffer]" and does not include time billed by other Sherman & Howard attorneys or local counsel. (Doc. No. 266-3.) Doran states that, "[w]here appropriate, [he] adjusted certain time entries . . . to eliminate billing for certain internal strategy sessions, or reviewing documents filed or disclosed in this case, or to avoid seeming duplication." (*Id.*) Doran also "remove[d] certain entries related to matters with the EEOC or government agencies, matters relating to union grievances filed by Mr. Southall, privileged entries, certain entries related to document review or production, and certain entries related to client correspondence." (*Id.*) Doran states that the "total fees in this cases were actually in excess of $600,000.00." (*Id.*)

The Court has reviewed the time records provided by Holland's counsel and finds that they reflect a reasonable number of hours for the included tasks. Accordingly, the Court makes the following lodestar calculation for time billed between May 18, 2018, and December 5, 2018:

| Attorney | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| Keffer | 40.1 | $300.00 | $12,030.00 |
| Doran | 34.0 | $500.00 | $17,000.00 |

For time billed between December 6, 2018, and January 18, 2020:

| Attorney | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| Keffer | 126.3 | $300.00 | $37,890.00 |
| Doran | 56.1 | $500.00 | $28,050.00 |

The total lodestar amount is thus $94,970.00.

B.  Concentra's Fee Award

Concentra seeks fees for time billed by attorneys Robert M. Burns, Austin C. Evans, and Brooke Coplon, and by paralegal Linn Pittenger. (Doc. No. 268-1.) By affidavit, Burns states that he had practiced law for approximately 27 years at the time of the litigation. (Doc. No. 237-1.) Concentra does not provide any information regarding the qualifications of Evans, Coplon, or Pittenger. Concentra also does not provide any support for its requested hourly rates or documentation of prevailing hourly rates for lawyers and paralegals of comparable experience in the Middle District of Tennessee. Further, Concentra offers only cursory argument in support of

its motion for attorneys' fees, submitting a three-page memorandum of law that contains only minimal analysis.[4] (Doc. No. 192.)

Because Concentra has addressed only Burns's qualifications, it has given the Court no way to assess the reasonable hourly rate for the other attorneys and the paralegal whose time entries it has submitted. Accordingly, the Court will consider only the fees billed by Burns. Concentra requests a $200.00 hourly rate for Burns's time, which is well below the prevailing market rate for the Middle District of Tennessee. The Court has reviewed the time records provided by Concentra and finds the time billed by Burns to be reasonable for the identified tasks. Accordingly, the Court makes the following lodestar calculation for time billed between May 18, 2018, and December 5, 2018:

| Attorney | Hours Billed | Hourly Rate | Total |
| --- | --- | --- | --- |
| Burns | 26.9 | $200.00 | $5,380.00 |

For time billed between December 6, 2018, and January 3, 2019:

| Attorney | Hours Billed | Hourly Rate | Total |
| --- | --- | --- | --- |
| Burns | 2.7 | $200.00 | $540.00 |

The total lodestar amount for Concentra's fees is thus $5,920.00.

C.     <u>Ability to Pay</u>

Having established the lodestar fee award for both Defendants, the Court must determine whether that amount should be increased or decreased based on other factors. Southall's opposition

---

[4] By comparison, Holland filed a twenty-five page memorandum of law that analyzed the propriety of awarding fees to a prevailing defendant and the reasonableness of its requested award under the *Johnson* factors. (Doc. No. 232.) It is also noteworthy that Concentra also did not file a memorandum of law in support of its renewed motion for attorneys' fees, apparently relying on its original motion.

to Defendants' original fee motions did not address any of the factors typically considered in determining a fee award's reasonableness. However, Southall concludes his opposition with a statement that an award of fees to the defendants "would serve as a significant financial setback and should be disallowed" and that "[t]he likelihood of Mr. Southall fully paying attorney's fees are [sic] slim." (Doc. No. 241-1.) The Court must therefore consider Southall's ability to pay any award it makes to the defendants.

The Court's "'primary concern in an attorney fee case is that the fee award be reasonable[,]'" and that concern is "heightened in cases such as this, where attorney fees are assessed against losing plaintiffs in a civil rights action, because such an award 'is an *extreme sanction*, and must be limited to *truly egregious cases* of misconduct.'" *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 642 (6th Cir. 2009) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) and then quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). For that reason, the Sixth Circuit has found an abuse of discretion when a district court failed to consider a plaintiff's ability to pay a fee award, even when that argument is made only glancingly. *See Bagi v. City of Parma, Ohio*, 795 F. App'x 338, 344 (6th Cir. 2019); *Garner*, 554 F.3d at 642.

Southall supports his argument by referencing an affidavit he filed in opposition to the issued bill of costs. (Doc. No. 240-2.) In the affidavit, Southall states that he was released from bankruptcy in 2019. Southall also details various living expenses and assets. Southall does not include a statement of his income, but attaches documents showing that he received Social Security benefits of $2,222.00 per month in 2018 and that Holland paid him net totals of $1303.06, $745.95, $925.96, and $1089.35 per week (or a weekly average of $1,016.08) for various weeks in 2019 and 2020. (*Id.*) Southall apparently provides these documents to show that his weekly pay from Holland varies with the number of miles he drives. (*Id.*)

The Court considered Southall's ability to pay in its order and memorandum opinion finding fee awards appropriate and determined that Southall had "failed to show that he is indigent or incapable of paying attorneys' fees at this time, perhaps on a payment plan, or in the future." (Doc. No. 265.) The documentation Southall has provided shows a moderate income and reasonable living expenses. The Court also considers the relative financial positions of the parties in determining an appropriate award. Weighing these factors in light of the extraordinary nature of fee awards to defendants in civil rights actions, and fully realizing that the Court's ultimate view on these factors and the extent of any reduction is inherently discretionary and subjective, the Court must call it like it sees it. So doing, the Court concludes that an eighty-percent reduction of fees is appropriate. *See Wolfe v. Perry*, 412 F.3d 707, 724 (6th Cir. 2005) (making a seventy-five-percent reduction in a fee award sought by prevailing defendants against an individual plaintiff).

D. <u>Allocation of Award</u>

For reasons articulated in its February 10, 2021 Memorandum Opinion, the Court found that Southall's counsel "unreasonably multiplied, delayed, and prolonged these proceedings, which increased litigation expenses, and the Court finds that [Southall's] counsel is jointly and severally liable for those attorneys' fees and nontaxable costs incurred by Defendants between May 18, 2018 (the date of Defendants' motions for summary judgment), and December 5, 2018 (the date of this Court's ruling)." (Doc. No. 265, PageID# 265.) Accordingly, Southall and his counsel are jointly and severally liable for Holland's fees in the amount of $5,806.00 and Concentra's fees in the amount of $1,076.00. Southall is solely liable for the remaining fee award to Holland in the amount of $13,188.00 and to Concentra in the amount of $108.00.

### III. Conclusion

Holland is awarded attorneys' fees in the amount of $18,994.00. Southall and his counsel are jointly and severally liable for $5,806.00 of that award. Southall is individually liable for the remaining $13,188.00.

Concentra is awarded attorney's fees in the amount of $1,184.00. Southall and his counsel are jointly and severally liable for $1,076.00 of that award. Southall is individually liable for the remaining $108.00.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE